IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ray L. Finley,

    Plaintiff,

  v.                            Case No. 2:19-cv-1449

Joseph Murphy,
et al.,

    Defendants.

ORDER

    Plaintiff Ray L. Finley, an inmate within the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), filed the instant action pursuant to 42 U.S.C. §1983, alleging that ODRC employees Joseph Murphy, Nurse Young, Nurse Tim Cowgill, and Correctional Officer Lawson were deliberately indifferent to his serious medication needs in violation of the Eight Amendment. Plaintiff alleged that on July 5, 2018, he was given a fast-acting insulin injection at approximately 5:15 p.m. He stated that inmates are typically then permitted to cross the prison yard to the cafeteria, but that on the date in question, the yard was closed due to inclement weather. Plaintiff alleged that after a half-hour, he started to experience shakiness, nervousness, irritability, chills, and lightheadedness. He claims that when he asked about getting food, defendant Young responded in an "uncaring and rude" manner. A blood glucose check was administered and showed a low blood sugar level, after which graham crackers were provided. Plaintiff further alleged that at approximately 6:30 p.m., a staff member brought meals and snacks for the diabetic inmates.

    On June 27, 2019, defendants moved to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. On January 7, 2020, the magistrate judge issued a report and recommendation recommending that the motion to dismiss be granted.

This matter is before the court on plaintiff's objection (Doc. 20) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to

2

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The magistrate judge correctly concluded that plaintiff's official capacity claims for money damages against the defendants as employees of the State of Ohio are barred by the Eleventh Amendment. See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The magistrate judge also properly found that plaintiff failed to state a claim for prospective injunctive relief against the defendants in their official capacities because he failed to allege that a policy or custom of the State was responsible for a violation of his constitutional rights. Rather, he has alleged that his rights were violated due to a misapplication of a policy, and he has also alleged that the institution has now implemented a new policy.

The magistrate judge did not err in finding that no claim had been stated against Joseph Murphy as Health Care Administrator of the Belmont Correctional Institution. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008). To assert a constitutional claim against individual government officials, "a plaintiff must plead that each Government-Official defendant, through the official's own individual actions, has violated the Constitution," and cannot rely on a theory of respondeat superior or vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To hold a supervisor liable under § 1983, plaintiff "must show that the official at least implicitly

3

authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). No such factual allegations were made in this case. The magistrate judge also properly found that no claim had been asserted against Correctional Officer Lawson because he was only named in the caption of the complaint and was not referred to in any of the factual allegations.

Plaintiff's objection does not specifically contest the above findings. Rather, plaintiff simply reargues that he has stated an Eight Amendment claim. To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendants displayed a deliberate indifference to his health. Farmer v. Brennan, 511 U.S. 825, 839 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991). The magistrate judge found that plaintiff had satisfied the serious medical condition requirement by alleging that he is diabetic.

The deliberate indifference prong is a subjective component which focuses on the prison official's state of mind, requiring something more than mere negligence, but something less than acts or omissions for the very purpose of causing harm. Barnett v. Luttrell, 414 F. App'x 784, 787-788 (6th Cir. 2011). The prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Blackmore v. Kalamazoo County, 390 F.3d 890, 896 (6th Cir. 2004).

The court agrees with the finding of the magistrate judge that the allegations in the complaint do not rise to the level of a

constitutional violation.  This is not a case involving the complete failure to provide medical care.  Rather, plaintiff alleges that Nurses Young and Cowgill failed to follow the specific protocol in place and that they should have provided him with a meal or snack sooner than they did.  A complaint does not state an Eighth Amendment claim merely by pleading that the plaintiff disagrees with the treatment provided by the institution. Rhinehart v. Scutt, 509 F.App'x 510, 513 (6th Cir. 2013)(neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment, is sufficient to allege a deliberate indifference claim); Chapman v. Parke, 946 F.2d 894 (table), 1991 WL 203080 at *2 (6th Cir. Oct. 4, 1991)(difference of opinion regarding treatment is insufficient to state an Eighth Amendment claim).

As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges at most a medical-malpractice claim which is not cognizable under §1983. Estelle v. Gamble, 429 U.S. 97, 107-08 (1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); see also Santiago v. Ringle, 734 F.3d 585, 591 (6th Cir. 2013)(when prison doctor provides treatment to a prisoner carelessly or inefficaciously, he has not displayed a deliberate indifference to a prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation).

The court also agrees with the determination of the magistrate judge that plaintiff has failed to allege sufficient facts from which it could reasonably be inferred that these defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," Blackmore, 390 F.3d at 896, or that they actually drew that inference and ignored the risk. See Buchanan v. Oklahoma, 398 F. App'x 339, 342 (10th Cir. 2010)(affirming dismissal on initial screen of Eighth Amendment claim of inadequate medical care made by diabetic prisoner who alleged that he was not allowed to eat immediately after insulin shots due to a lockdown at facility).

Having reviewed the report and recommendation and plaintiff's objection, the court finds that plaintiff's objection is without merit. The court overrules plaintiff's objection (Doc. 20), and adopts the magistrate judge's report and recommendation (Doc. 17). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The court also certifies pursuant to 28 U.S.C. §1915(a)(3) that, for the foregoing reasons, an appeal of this court's order adopting the report and recommendation would not be taken in good faith, and plaintiff is denied leave to appeal in forma pauperis. The clerk shall enter judgement dismissing this case. The clerk is directed to mail a copy of this order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, Ohio 43215.

Date: March 5, 2020         s/James L. Graham
James L. Graham
United States District Judge